**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **SOKPHY SAN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:25-CV-979** |
| | § | |
| **STARBUCKS CORPORATION d/b/a** | § | |
| **STARBUCKS COFFEE COMPANY,** | § | |
| | § | |
| **Defendant.** | | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

1.     Plaintiff SOKPHY SAN ("Ms. San" or "Plaintiff"), by and through her undersigned counsel, files this Original Complaint against Defendant STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY ("Defendant" or "Starbucks"), and alleges as follows:

**I.     PARTIES**

2.     Plaintiff SOKPHY SAN is an individual who resides in Garland, Texas, but at all relevant times was employed by Defendant in Little Elm, Texas.

3.     Defendant Starbucks Corporation d/b/a Starbucks Coffee Company is a foreign for-profit corporation doing business in Texas.  It may be served through its registered agent:  CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas  75201.

**II.     JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) as this action arises under federal law, specifically the FMLA.

5.      Venue properly lies in this Court because a substantial portion of the events or omissions giving rise to these claims occurred in this District and Defendant maintains operations here.

### III.    FACTUAL BACKGROUND

6.      Plaintiff was hired December 29, 2023 and began working on January 22, 2024 as a Store Manager Trainee.  She was later promoted to Store Manager at Defendant's Little Elm, Texas store.  She consistently met or exceeded performance expectations, had no record of discipline, and was recognized as a capable and dedicated employee.

7.      Plaintiff is the sole caretaker for her elderly mother who is disabled and suffers from multiple serious health conditions requiring medical care.

8.      On January 22, 2025, Plaintiff properly invoked her right to intermittent FMLA leave by submitting a request through Sedgwick, Defendant's leave administrator.  She promptly informed her District Manager, Kali Kuenstler, of her protected request.

9.      Rather than honor Plaintiff's legal rights, Defendant – through Ms. Kuenstler – immediately began a campaign of hostility.  Ms. Kuenstler pressured Plaintiff to forgo her FMLA leave and instead drain her accrued paid time off, directly undermining the protections afforded by law.  Ms. Kuenstler also questioned Plaintiff's honesty and credibility regarding her need for leave, creating a hostile and intimidating work environment.

10.     In the days that followed, Ms. Kuenstler escalated her campaign of retaliation. Between January 23-28, 2025, she micromanaged, unfairly criticized, and intimated Plaintiff, making it clear that Plaintiff's exercise of her rights would not be tolerated.

11.     On January 30, 2025, a mere eight days after Plaintiff requested FMLA leave, Ms. Kuenstler and another manager arrived unannounced.  They falsely accused Plaintiff of poor

PLAINTIFF'S ORIGINAL COMPLAINT                                                          Page 2

performance, confiscated her company property, and abruptly terminated her employment.  During this meeting, Ms. Kuenstler cruelly mocked Plaintiff's mother's health condition, underscoring that the termination was retaliatory and rooted in animus toward Plaintiff's protected activity.

12.    Defendant's purported reasons for Plaintiff's termination are patently false and pretextual.  The temporal proximity, hostile conduct, and mocking comments demonstrate that Starbucks' true motivation was to punish Plaintiff for asserting her federally protected rights and to deter others from doing the same.

## IV.    CAUSES OF ACTION

### COUNT ONE:   FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. §2615(A)(1)

13.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

14.    Plaintiff was entitled to FMLA leave and took the lawful steps to secure it. Defendant unlawfully interfered with Plaintiff's rights by discouraging her from taking leave, coercing her to substitute PTO, and terminating her before her request could be processed.  Such conduct strikes at the core of the FMLA's purpose:  to protect employees from having to choose between their job and caring for a family member in medical crisis.

### COUNT TWO:   FMLA RETALIATION IN VIOLATION OF 29 U.S.C. §2615(A)(2)

15.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

16.    Plaintiff engaged in protected activity by requesting FMLA leave.  Within days, Defendant escalated harassment and terminated her employment.  The close timing and hostile

comments are direct evidence of retaliatory motive.  Defendant's conduct was willful, malicious, and intended to chill employees from exercising their FMLA rights.

## V.    REMEDIES

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant relief as follows:

a.    Back Pay and Benefits: An award for the wages, employment benefits, and other compensation Plaintiff would have received but for Defendant's unlawful conduct, plus interest;

b.    Compensatory Damages: For emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in an amount to be determined by the jury;

c.    Punitive and exemplary damages, in a precise amount to be determined by the jury;

d.    Attorneys' Fees and Costs: Reasonable attorneys' fees, expenses, and costs, as provided by statute;

e.    Pre- and Post-Judgment Interest; and

f.    Any other and further relief the Court deems just and proper.

## VI.    JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully Submitted,
**CARTER LAW GROUP, PC**

*/s/  Amy Carter*
Amy Carter
Texas Bar No. 24004580

acarter@clgtrial.com
Heather V. Davis
Texas Bar No. 2409234
hdavis@clgtrial.com
Taylor Jenkins
Texas Bar No.  24135171
tjenkins@clgtrial.com
351 W. Jefferson Blvd.
Suite 503, LB 11
Dallas, TX 75231
Telephone: (214) 390-4173

**ATTORNEYS FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL COMPLAINT                                    Page 5